IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CHARLES MORGAN

       Plaintiff

v.                                                CASE NO.: 4:21-cv-59

TOWN OF GEORGETOWN
GEORGETOWN TOWN COUNCIL
GEORGETOWN PUBLIC SAFETY BOARD
COUNCILMAN CHRIS LOOP
COUNCILWOMAN KATHY HALLER
COUNCILMAN BEN STOCKSDALE
COUNCILMAN GARY SMITH
COUNCILMAN BILLY HALLER
JOSHUA CAVANAUGH (FORMER COUNCILMAN)
EVERETT PULLEN (FORMER COUNCILMAN)
AND
KRISTI FOX (AGENT, TOWN OF GEORGETOWN)
(COLLECTIVELY, "TOWN OF GEORGETOWN")

       Defendants

## MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

The Defendant, Everett Pulen, by counsel, hereby files his Motion For Leave to file an Amended Notice of Removal of the above-referenced action from the Floyd Circuit Court, State of Indiana, Cause No. 22C01-2102-CT-000274, to the United States District Court for the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. §1441 *et. seq.* The Amended Notice makes no changes to the original Amended Notice, other than to state that all Defendants, who are represented by the same legal counsel (as evidenced by the Appearances filed in the state and federal proceedings in this matter) consented to removal of this matter to Federal Court within the 30 days required by statute. *See also* Affidavit of Jeff Lowe, attached to Defendants' Response to Motion to Remand.

A defendant may remove a case filed in state court to a federal court with jurisdiction by filing a notice of removal containing a statement of the grounds for removal. 28 U.S.C. § 1446. The notice must be filed within 30 days after the defendant receives the initial pleading. 28 U.S.C. § 1446. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). If all defendants have not consented to removal, the petition must explain why they have not given consent. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7 th Cir.1993) (overturned on other grounds). A petition that omits the consent of all parties and does not provide an explanation is defective on its face. *Shaw,* 994 F.2d at 368. However, a defendant's consent may be omitted if the defendant has not been served or is a nominal party. *Shaw,* 994 F.2d at 369.

The removing party may freely amend its petition for removal for 30 days after the petition has been served. 28 U.S.C. § 1446(b). After the 30 days has expired, substantive amendments to the petition are prohibited. *Stein v. Sprint Communications,* 968 F.Supp. 371, 375 (N.D.Ill.1997). Substantive amendments are those that state a new basis for exercising jurisdiction. However, the court will allow the removing party to amend its petition for removal to cure technical defects. "To determine whether an amendment is 'technical' or 'substantive,' courts have looked to the face of the removal petition." *Stein,* 968 F.Supp. at 375 (*comparing Borne v. New Orleans Health Care,* 116 B.R. 487, 491 (E.D.La.1990) (declining to permit the defendant to assert a wholly new ground for removal where that ground did not appear on the face of the removal petition), *with Industrial Nat'l Bank of East Chicago v. Employers Casualty Co.,* 1986 WL 1008 (N.D.Ill. Jan.3, 1986) (permitting amendment to removal petition under § 1653 where jurisdiction was imperfectly pled in petition, but not missing completely)). "[W]here jurisdiction is apparent from the face of the notice of removal, although imperfectly pleaded, a party may amend its notice of removal to state the basis for the district court's

jurisdiction.... On the other hand, where the jurisdictional base is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely." *Stein,* 968 F.Supp. at 376 (*citing Borne,* 116 B.R. at 491).

In *Simmons ex rel. Simmond v. COA, Inc.*, 2012 WL 1947172, at *1-3 (N.D. Ind. May 30, 2012), the U.S. District Court for the Northern District of Indiana held that where a defendant was not seeking to amend his Petition to state a new substantive basis for jurisdiction but rather, was seeking to amend the petition to add the consent of a defendant, said proposed amendment was technical because it did not alter the substantive basis for jurisdiction.  Here, like in *Simmons*, Defendants are not seeking to amend the Petition to state a new substantive basis for jurisdiction—rather, it is seeking to amend the petition to add the consent of Defendants (which per the record were already represented by the counsel that signed the Notice of Removal).  Said consent is supported by the undersigned's Affidavit, which is attached hereto as **Exhibit A**. Also here, like in *Simmons*, the Plaintiff will not be prejudiced if the court allows the Defendant to amend his petition.

Other Courts in this Circuit have also occasionally allowed the filing of an untimely consent to removal when the other defendants consented to removal within the thirty-day period, but the notice of removal simply lacked the otherwise consenting defendant's signature. *See, e.g., Coulas Viking Partners v. Belt Ry. Co. of Chicago*, No. 16-CV-3583, 2016 WL 3907053, at *1, *2 (N.D. Ill. July 19, 2016) (ruling that a subsequent written consent to removal cured a notice of removal that stated previously-served defendant consented to removal, but failed to include that defendant's signature in the notice of removal); *Detrick v. Home Depot, U.S.A., Inc.*, No. 13 C 3878, 2013 WL 3836257, at *2 (N.D. Ill. July 23, 2013) (same); *Video & Sound Serv., Inc. v. AMAG Tech., Inc.*, No. 12 C 7322, 2012 WL 6692165, at *3 (N.D. Ill. Dec. 19, 2012) (same);

*DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2001) (ruling that it was "pointlessly formalistic" to remand when a co-defendant failed to sign the notice of removal when the co-defendant "ultimately expressed in no uncertain terms that it joined in and consented to the removal of th[e] case, and had done so within the thirty day period").

In this case, it is the undersigned's position that by virtue of its signing the original Notice of Removal in his capacity as attorney for all Defendants (which was on record with the Court) it already provided the requisite consent and/or cured any defect. *See, e.g., Nat'l Dairy Prod. Corp. v. Heffernan*, 195 F. Supp. 153, 156 (E.D. N.Y. 1961)(where named defendants' consent was not contained in notice of removal but said defendants were members of the organization sued and attorneys filed appearance for said organization, said defect was cured). However, to the extent this Court disagrees, the Defendants' counsel respectfully requests the Court's permission to amend Pullen's Notice of Removal to include that all Defendants consent. The Defendant has attached his proposed Amended Notice of Removal hereto as **Exhibit B**.

WHEREFORE, the Defendant, Everett Pullen respectfully requests the Court grant him leave to file his Amended Notice of Removal, for an Order granting same, and for all other just and proper relief in the premises.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

BY:   /s/ *R. Jeffrey Lowe*
R. Jeffrey Lowe, Atty ID. #21508-22
KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
Phone: (812) 949-2300

Fax: (812) 949-8556  
jlowe@k-glaw.com  
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

 I hereby certify that on the 25th day of May, 2021, a copy of the foregoing Motion to File Amended Notice of Removal was served, either electronically or by First-Class Mail, postage prepaid, on the parties listed below and electronically filed with the Court through the Court's e-file system:

Dustin T. White  
224 East Court Avenue  
Jeffersonville, IN  47130  
wlawpractice@aol.com  
*Counsel for Plaintiff*

s/ R. Jeffrey Lowe  
R. Jeffrey Lowe  
KIGHTLINGER & GRAY, LLP
