IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CHARLES MORGAN

    Plaintiff

v.                                              CASE NO.: 4:21-cv-59

TOWN OF GEORGETOWN
GEORGETOWN TOWN COUNCIL
GEORGETOWN PUBLIC SAFETY BOARD
COUNCILMAN CHRIS LOOP
COUNCILWOMAN KATHY HALLER
COUNCILMAN BEN STOCKSDALE
COUNCILMAN GARY SMITH
COUNCILMAN BILLY HALLER
JOSHUA CAVANAUGH (FORMER COUNCILMAN)
EVERRETT PULLEN (FORMER COUNCILMAN)
AND
KRISTI FOX (AGENT, TOWN OF GEORGETOWN)
(COLLECTIVELY, "TOWN OF GEORGETOWN")

    Defendants

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

The Defendants, by counsel, and for their Response to Plaintiff's Motion to Remand state as follows:

**I.    Defendant, Everett Pullen's Notice of Removal was not Untimely.**

    **A.  Everett Pullen ("Pullen") was Never Properly Served and did not Receive Notice of the Lawsuit Until March 22, 2021.**

Initially, the document attached by Plaintiff in support of his argument that Pullen was served on March 6, 2021 does not say what he purports it to say in his Motion, nor does it prove service of Pullen. While the document provided shows receipts for delivery of some kind of parcel, it does not identify what the parcel was or to whom said mail was delivered. Moreover,

Plaintiff alleges he served "all seven" Defendants on March 6, 2021, leaving out the fact that there are eleven (11) named Defendants. Again, he provides no information as to which of those Defendants he allegedly served or who he claims the Exhibits represents are being served. Plaintiff's Motion to Remand should be denied on those grounds.

Second, Pullen, as acknowledged by Plaintiff in his lawsuit, is not, nor had he been a Councilman for the Town of Georgetown since December 30, 2019. (Affidavit of Everett Pullen, attached hereto as **Exhibit A**.) Therefore, assuming Plaintiff's inference is that his Exhibit shows service on Everett Pullen on at the Town Hall, service upon Pullen at Town Hall was not effective service, as he was no longer a councilman. *See Robinson v. Turner*, 886 F. Supp. 1451, 1454 (S.D. Ind. 1995)(service upon individuals at former place of employment, when they no longer worked there, did not constitute proper service). Again, assuming Plaintiff's inference is that his Exhibit supports an assertion of personal service on Pullen, it must comply with Indiana Trial Rule 4.1 for personal service on an individual acting in a representative capacity. Indiana Trial Rule 4.1 permits personal service on an in-state individual by the following means: (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business, or employ with return receipt requested and returned showing receipt of the letter; or (2) delivering a copy of the summons and complaint to him personally; or (3) leaving a copy of the summons and complaint at his dwelling or usual place of abode; or serving his agent as provided by rule, statute, or valid agreement. Pullen's affidavit establishes he was not properly served on the date claimed by the Plaintiff in his Motion to Remand. Pullen has never been served (either in person, at his residence, at his place of employment or business, or via agent) with the Summons and Complaint in this matter. At some point, he was informed there was paperwork for him at Town Hall. He picked up that paperwork on March 22, 2021

which is when he first received notice of the lawsuit. *Id*. While Pullen asserts that does not constitute proper service, because he received notice of the lawsuit, Pullen used that date to calculate the thirty (30) days from which he had to file Notice of Removal. 28 U.S.C. 1446(b) states "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." Therefore, while Pullen still contests whether Plaintiff properly served the Pullen, Section 1446(b) establishes that Pullen's receipt of the lawsuit on March 22, 2021 could be construed as the "otherwise" for purposes of calculating the time to file the Notice of Removal and it was timely filed.

It is worth noting that by appearing on various Defendants' behalf, there is no law or statute to suggest that any specific Defendant waived the right to proper service for virtue of calculating the thirty (30) days for which said Defendant had to remove the case. *See, e.g., Lewellyn v. Morley*, 909 F.2d 1073, 1076-77 (7th Cir. 1990).

### B. All Defendants Consented to Removal

All defendants must either join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. § 1446. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp.2d 1198, 1200 (S.D. Ind. 2001)(citations omitted). While joining in a motion typically consists of defendants supporting it in writing by signing it, [t]o require all defendants physically to sign the removal notice. . . would be a 'senseless formalism.'" *Dixon v. Borgwarner Diversified Transmission Prod., Inc.*, 2004 WL 801270, at *2-5 (S.D. Ind. Mar. 29, 2004)(citations omitted). As long as all defendants "consent" in writing to the removal within 30 days after service upon them of the complaint, the requirement that all defendants "join" in removal is satisfied. *Id*. (citations omitted).

As noted by the Appearance in both the state court case and federal court case and the

affidavit attached hereto by all Defendants' counsel, all Defendants are represented by the same legal counsel, who is responsible for guiding the strategy and direction of the case. Consent to removal by counsel on defendants' behalf within thirty (30) days of service on the removing defendant is sufficient to constitute consent. *See Dixon*, 2004 WL 801270 at *6. To require an attorney to, in written form, provide consent to himself or herself on behalf of all clients would be non-sensical. In this case, it is clear to the Court by virtue of filings that the undersigned counsel represents all Defendants and by virtue of signing the Notice of Removal in his capacity as counsel for all Defendants, said removal was properly consented to in writing. In addition, the undersigned has attached hereto an affidavit to that effect. Moreover, federal courts have held that where attorneys for an organization filed an appearance in a case of which named defendants were members, it cured any alleged defect of the failure of all named defendants to join in the petition to remove. *See Nat'l Dairy Prod. Corp. v.* Heffernanm 195 F. Supp. 153, 156 (E.D. N.Y. 1961).

## II. The Court has Subject Matter Jurisdiction over this Matter.

For purposes of removal of a case from state court to federal court, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exits only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, the Court's determination on whether to remand turns on the factual allegations contained in Plaintiff's Complaint. *See Cox v. City of Indianapolis*, 2019 WL 2295465, at *1-3 (S.D. Ind. May 30, 2019).

### A. Severance and Remand of Count I to State Court is improper under 1441(c)

First, Plaintiff seemingly argues the Court should sever Count I—defamation and conspiracy to defame—from the rest of the Complaint and remand that Count back to state court under 28

U.S.C. 1441(c). Section 1441(c) provides:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331] ), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

This case does not fit within the parameters of § 1441(c)(1). 1441(c) discusses claims "not within the original or supplemental jurisdiction of the district court," and the claims here present a straightforward instance of original and supplemental jurisdiction, as explained more fully below.

In order for § 1441(c) to require severance and remand of the defamation/conspiracy to defame claims against all Defendants, one of two scenarios must be present: either the Court cannot exercise original or supplemental jurisdiction over those claims, or the claims must have been "made nonremovable by statute." *Cox v. City of Indianapolis*, 2019 WL 2295465, at *1-3 (S.D. Ind. May 30, 2019). Neither scenario exists here.

First, this lawsuit includes federal claims against all Defendants under Section 1983 and the Fourteenth Amendment (over which this Court clearly has jurisdiction, *see* 28 U.S.C. § 1331) along with state law defamation/conspiracy to defame claims against all Defendants. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a). A district court has federal

question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If otherwise non-removable claims or causes of action are joined with a separate and independent claim over which federal question jurisdiction exists, then 28 U.S.C. § 1441(c) provides that "the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

The Court should exercise supplemental jurisdiction over the defamation/conspiracy to defame claims against all Defendants because those claims are "so related to the [federal claims] that they form part of the same case or controversy under Article III of the United States Constitution. Cox, 2019 WL 229 5465 at *3 (citing 28 § U.S.C. 1367(a)). 28 U.S.C. § 1367(a) states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that
> they form part of the same case or controversy under Article III of the United States Constitution.

Therefore, the issue is whether the defamation/conspiracy to defame claims are "so related" to the federal claims that they form part of the "same case or controversy" such that this Court maintains supplemental jurisdiction over them. The Seventh Circuit noted that 28 U.S.C. § 1367(a):

> does not define 'case or controversy,' nor does Article III. Courts often ask whether the claims share a common nucleus of operative facts. This jiggles the vagueness problem around a little without solving it.... *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995), adds that "[a] loose factual connection between [ ] claims is generally sufficient" to confer supplemental jurisdiction. How loose is that? What does enough commonality really mean? Still, unless there is a phrase better than "nucleus of operative facts," there's no point in complaining. No one has come up with a better phrase, despite a lot of trying, so we apply this one as best we can.

*Prolite Building Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). *See, e.g., Snyder v. Smith*, 7 F. Supp. 3d 842, 871 (S.D. Ind. 2014) ("For state law claims to be part of

the same case or controversy as federal claims, they must bear at least a loose factual connection to the federal claims, stemming from a common nucleus of operative fact." (Internal citations and quotation marks omitted)). Claims are not separate and independent if they arise "from the same loss or actionable wrong" or "if the wrongs arise from an interlocked series of transactions, *i.e.,* they substantially arise from the same facts." *Lewis v. Louisville & Nashville R.R. Co.,* 758 F.2d 219, 221 (7th Cir.1985). When federal and state claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy, the accompanying state law claims fall within the supplemental jurisdiction of the court. 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The Court need look no further than the "Introduction" Section of Plaintiff's Complaint to see there appears to be more than a loose factual connection between Plaintiff's defamation/conspiracy to defame claims and the federal claims alleged in the suit. Plaintiff's claims all arise from a decision made during a Commissioner's meeting to look into allegations of misconduct by Plaintiff, which subsequently resulted in Plaintiff being placed on paid administrative leave and the media publishing remarks made during said meeting. The claims involve all the same parties and, as Plaintiff alleges, was part of the same "conspiracy" to defame him, such that the allegations are at least loosely connected and have a logical relationship. The Court, therefore, can properly exercise supplemental jurisdiction over Count I.

Second, the defamation/conspiracy to defame claim has not been (nor does Plaintiff allege it to have been) made "nonremovable by statute." Accordingly, this matter does not fit within the parameters of § 1441(c) and consequently, the Court is not required nor should it sever and remand the defamation/conspiracy to defame claim back to state court.

It is worth noting that the case cited by Plaintiff in support of his position that severance

and remand of Count I is appropriate—i.e., *Boone Cty. Utilities, LLC v. Boone Cty. Bd. of Comm'rs*, 2003 WL 203158, at *2-4 (S.D. Ind. Jan. 28, 2003)—does not support severance and remand. The language relied upon by the Court in this 2003 case is not the language in effect at present or since the 2011 Amendment to the statute made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Therefore, the analysis contained in *Boone Cty. Utiliies, LLC* no longer applies and Plaintiff's Motion's reliance on the case should not carry any weight.

### B. Remand is improper under 1367(c)

Next, Plaintiff argues this Court should remand the state law claims contained within Count II (Violation of Civil Rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution)[1] and Count III (Declaratory Judgment that various Indiana Statutes and Town Ordinances created a civil right for which Due Process under the Fourteenth Amendment is required) of his Complaint pursuant to 28 U.S.C. § 1367(c). That statute under which Plaintiff seeks remand provides, in pertinent part:

> **(c)** The district courts *may decline to exercise supplemental jurisdiction* over a claim under subsection (a)[2] if—
>
> > **(1)** the claim raises a novel or complex issue of State law,
> > **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . .

28 U.S.C.A. § 1367 (emphasis added). The decision to accept or decline jurisdiction under § 1367(c) is within the sound discretion of the district court. *Channell v. Citicorp National Serv.,*

---

[1] It should be noted there is no state law claim for violation of civil rights. Plaintiff is bringing a federal claim pursuant to 42 U.S.C. § 1983, to which Indiana does not have a state law counterpart. Additionally, there is no private right of action for money damages for a claimed violation of the Indiana Constitution.

[2] **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
28 U.S.C.A. § 1367.

*Inc.*, 89 F.3d 379, 387 (7th Cir. 1996).

With regard to Count II, said Count alleges in plain language that Defendants' violations of the Plaintiff's Fourteenth Amendment rights and 42 U.S.C. § 1983. While it also alleges civil violations under various state statutes, the involvement of the U.S. Constitution and statutes confers original jurisdiction. *See* 28 U.S.C. § 1331. Therefore, 28 U.S.C. § 1367(c) is not applicable to Count II, as said claim is not a matter over which this Court has "supplemental jurisdiction," but rather, it has original jurisdiction.

With regard to Count III, while the Ordinance and Indiana Statute have seemingly not been raised in the context of due process before the courts, there is ample case law discussing whether interests protected by due process rights are created under the same Title and Article of the Indiana Statute on which Plaintiff relies to assert a protected property interest. *See, e.g., O'Brien v. City of Frankfort*, 2018 WL 4620265, at *1 (S.D. Ind. Sept. 26, 2018). Federal Districts Courts have to determine issues of whether state common law, state statutory law, local ordinance or regulation, the parties contracts or agreements or other customs and practices created protected due process interests all the time. The fact that said determination focuses on state law does not mean federal courts are less able to make that decision and does not mean state court matters predominate over the matters which this Court has original jurisdiction.

It is worth noting that even if the Court remands Count III to state court, it would be required to maintain jurisdiction over the Section 1983 claim as it did in *Palivos v. City of Chicago*, 901 F. Supp. 271, 273 (N.D. Ill. 1995). Therefore, judicial economy weighs in favor of keeping all claims before the Court.

### III. The Court should not Award Plaintiff Attorneys' Fees

Plaintiff argues that he should be awarded attorneys' fees as Defendants' basis for removal was "unreasonable." "[A] district court may award attorneys' fees under § 1447(c) only where

the removing party lacked an 'objectively reasonable basis' for seeking removal." *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Specifically: [I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees. *Wolf*, 574 F.3d 412.

The Seventh Circuit has found the award of attorneys' fees appropriate when removal "was worse than unreasonable; it was preposterous." *See MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012). This Court has awarded attorneys' fees when the issue of whether removal was appropriate was "not a close call." *See Zotec Partners, LLC v. Herald*, 2013 WL 3989424, at *5 (S.D. Ind. 2013). This is not such a case.

For reasons already stated herein, Defendants' basis for removal is well-founded such that Plaintiff's Motion to Remand should be denied, as should his request for Attorney's fees.

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

BY:   /s/ *R. Jeffrey Lowe*
        R. Jeffrey Lowe, Atty ID. #21508-22
        KIGHTLINGER & GRAY, LLP
        Bonterra Building, Suite 200
        3620 Blackiston Boulevard
        New Albany, IN  47150
        Phone: (812) 949-2300
        Fax: (812) 949-8556
        jlowe@k-glaw.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2021, a copy of the foregoing Notice of Removal was served, either electronically or by First-Class Mail, postage prepaid, on the parties

listed below and electronically filed with the Court through the Court's e-file system:

Dustin T. White
224 East Court Avenue
Jeffersonville, IN 47130
wlawpractice@aol.com
*Counsel for Plaintiff*

                                                  s/ R. Jeffrey Lowe
                                                  R. Jeffrey Lowe
                                                  KIGHTLINGER & GRAY, LLP