# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| CHARLES MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-00059-TWP-DML |
| | ) |
| TOWN OF GEORGETOWN, | ) |
| GEORGETOWN TOWN COUNCIL, | ) |
| GEORGETOWN PUBLIC SAFETY BOARD, | ) |
| CHRIS LOOP Councilman, | ) |
| KATHY HALLER Councilwoman, | ) |
| BEN STOCKSDALE Councilman, | ) |
| GARY SMITH Councilman, | ) |
| BILLY HALLER Councilman, | ) |
| JOSHUA CAVANAUGH former Councilman, | ) |
| EVERRETT[1] PULLEN former Councilman, and | ) |
| KRISTI FOX Agent, | ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO FILE AMENDED NOTICE OF REMOVAL

This matter is before the Court on a Motion to Remand filed pursuant to 28 U.S.C. § 1447 by Plaintiff Charles Morgan ("Morgan") (Filing No. 11) and a Motion for Leave to File Amended Notice of Removal filed by Defendant Everett Pullen ("Pullen") (Filing No. 12). For the following reasons, the Court **grants** Morgan's Motion and **denies** Pullen's Motion.

## I.     BACKGROUND

Morgan initiated this action against Defendants, including Pullen (as a former councilman for the Town of Georgetown), in the Floyd Circuit Court on February 25, 2021 (Filing No. 1-2 at 34). In his Complaint, Morgan alleges the Defendants, among other things, are liable pursuant to

---

[1] The Court notes that Defendant Everett Pullen's first name was misspelled as Everrett in the original state court complaint (*see* Filing No. 13-1); his name will be spelled correctly whenever referenced in this Entry.

42 U.S.C. § 1983 for violating his civil rights under the Fourteenth Amendment (*see* Filing No. 1-1 at 7–11). Pullen was issued a summons and complaint, which were delivered by registered mail to the Georgetown Town Hall on March 6, 2021[2] (Filing No. 1-2 at 8, 30; Filing No. 11-1). Pullen, however, did not pick up this process until March 22, 2021, after he was "told there was paperwork at Town Hall for" him (Filing No. 13-1 at 2). In the meantime, Attorney R. Jeffrey Lowe ("Attorney Lowe") had entered an appearance for all Defendants a week earlier, on March 15, 2021 (Filing No. 1-2 at 51).

On April 16, 2021, Pullen filed a Notice of Removal under 28 U.S.C. § 1441 in this Court, arguing that the federal court "has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) in that the allegations set forth in [Morgan's] Complaint assert claims pursuant to 42 U.S.C. § 1983." (Filing No. 1 at 1.) The Notice of Removal indicated it was filed by Pullen, however, no other Defendants were mentioned as consenting, despite Attorney Lowe representing each of them. *See id.* at 1–4. On May 17, 2021, Morgan filed a Motion to Remand pursuant to 28 U.S.C. § 1447. He argues that the Notice of Removal was untimely, that it impermissibly omitted acknowledgement of consent of all Defendants, and that the district court lacks subject matter jurisdiction over some of the claims. (Filing No. 11.) On May 25, 2021, Pullen, in addition to filing a response to that Motion, moved for leave to file an Amended Notice of Removal, indicating that all Defendants consented to removal (Filing No. 12; Filing No. 12-2 at 3). Morgan, in turn, timely replied and responded to those filings (Filing No. 14; Filing No. 15).

---

[2] Pullen disputes that he was properly served. The Court need not resolve this factual dispute here because, as discussed later in this Entry, service on Pullen—in his capacity as a *former* councilman—was not properly effected at the Town Hall on March 6, 2021. That said, Morgan does provide compelling evidence and argument that the summons concerning Pullen was delivered to the Georgetown Town Hall on that date (*see* Filing No. 11 at 2; Filing No. 15 at 2 n.1).

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[3] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," and "[e]ach defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal." *Id.* §§ 1446(b)(2)(A), (b)(2)(B).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

*Id.* § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### III. DISCUSSION

In his Motion to Remand, Morgan contends that (1) the Notice of Removal was untimely, (2) the Notice of Removal lacked the requisite consent of all Defendants, and (3) the district court lacks subject matter jurisdiction over the claims (Filing No. 11 at 1–2, 3, 3–8). He also requests the award of attorneys' fees "[s]hould the Court remand due to untimeliness and/or lack of consent". *Id.* at 8. The Court will address these contentions in turn.

### A. Timeliness of Removal

Morgan first contends that remand is proper since "Pullen's Notice of Removal filing was untimely." *Id.* at 1. Morgan contends that Pullen—a former Georgetown Town Councilman—was served "at Georgetown Town Hall . . . [on] Saturday, March 6, 2021, at 8:28 a.m." (Filing No. 11 at 2.) Because the next business day was Monday, March 8, 2021, "the thirty (30) day time period required by § 1446(b)(1) expired April 7, 2021." *Id.* Since Pullen did not file his Notice of Removal until April 16, 2021, Morgan maintains that it was "untimely." *Id.* In any event, Morgan notes that "opposing counsel filed his Appearance for all Defendants, including [] Pullen, March 15, 2021," which creates a later, alternative deadline under § 1446(b)(1) of April 14, 2021. *Id.* Even under this deadline, Morgan argues, the Notice of Removal was untimely. *Id.*

Pullen responds that the document attached by Morgan to support his position that Pullen was served on March 6, 2021, "does not say what he purports it to say in his Motion". (Filing No. 13 at 1.) Instead, it "shows receipts for delivery of some kind of parcel" but "does not identify what the parcel was or to whom said mail was delivered." *Id.* Even so, because Pullen "is not, nor had he been a Councilman for the Town of Georgetown since December 30, 2019[,] . . . service upon [him] at Town Hall was not effective service". *Id.* at 2 (citing *Robinson v. Turner*, 886 F. Supp. 1451, 1454 (S.D. Ind. 1995) (Tinder, J.), for the proposition that "service upon individuals

at former place of employment, when they no longer worked there, did not constitute proper service"). Pullen maintains that he "has never been served (either in person, at his residence, at his place of employment or business, or via agent) with the Summons and Complaint in this matter" and only first received notice of the lawsuit on March 22, 2021, when he picked up the pleading after he "was informed there was paperwork for him at Town Hall." *Id.* at 2–3. To Pullen, the thirty-day clock under § 1446(b)(1) started to run on this date, as it represents "receipt by the defendant, through service *or otherwise*". *Id.* at 3 (emphasis added). Pullen concludes "that by appearing on various Defendants' behalf, there is no law or statute to suggest that any specific Defendant waived the right to proper service". *Id.* (citing *Lewellen v. Morley*, 909 F.2d 1073, 1076–77 (7th Cir. 1990)).

Morgan replies that he "may have misinterpreted the Indiana Trial Rule in the instance where a former Councilman is being sued for acts while he was an officeholder." (Filing No. 14 at 2.) Because Indiana Trial Rule 4.6 instructs that attorneys should "not knowingly direct service to be made at the dwelling house or place of abode" of a governmental representative, Morgan's "counsel did not desire to violate th[at] Indiana Trial Rule[,] . . . which is why he was properly served at Georgetown Town Hall on March 6, 2021." *Id.* As for the attached confirmation of service, Morgan notes that the chronological case summary specifically indicates that Pullen's summons was filed March 3, 2021. *Id.* (citing Filing No. 1-2 at 6).

The Court agrees with Pullen—he was never properly "served" as contemplated by § 1446(b)(1). As a *former* councilman, service on Pullen at the Georgetown Town Hall was improper under the Indiana Trial Rules; instead, service should have been effected on him by:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

5

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

Ind. Tr. R. 4.1(A). Pullen only incidentally (*i.e.*, "otherwise") received notice of the lawsuit on March 22, 2021, so his April 16, 2021, Notice of Removal was timely under § 1446(b)(1)'s thirty-day deadline. Finally, because "[w]aiver is not based on counsel for Defendants entering an appearance in this lawsuit as Plaintiff asserts," *Robinson*, 886 F. Supp. at 1457 n.10 (citing *Lewellen*, 909 F.2d at 1077, for the proposition that "the filing of an appearance does not relieve the plaintiff from executing proper service on defendants"), counsel's appearance on March 15, 2021, did not trigger § 1446(b)(1)'s clock. For the preceding reasons, the Court finds that Pullen's Notice of Removal was timely.

**B.**     <u>**Consent of all Defendants**</u>

Morgan also asserts that the Court should remand the case because "Pullen's notice of removal is deficient because the other defendants did not join in or consent to the removal". ([Filing No. 11 at 3](#).) "When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The defendant seeking removal must secure consent to removal from all other properly joined and served defendants within the 30-day removal period." *Watkins v. Wexford of Indiana, LLC*, No. 1:20-cv-856-JPH-DML, 2020 WL 4462637, at *2 (S.D. Ind. Aug. 3, 2020). "[I]f all served defendants do not consent to removal within the thirty-day period, the district court shall remand the case." *Am.'s Mortg. Banc, Inc. v. XEZ, Inc.*, No. 06 C 4670, 2006 WL 3754986, at *2 (N.D. Ill. Dec. 18, 2006) (citation omitted).

Consistent with these principles, Morgan contends that all defendants "must sign the notice of removal." ([Filing No. 11 at 3](#) (citing *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir.

1997) (holding that "[a] petition for removal is deficient if not all defendants join in it")).) Though Morgan concedes that "all defendants are represented by the same counsel," because "there is no mention of the other defendants in the notice," he concludes that "the Notice of Removal does not satisfy the requirements under the removal statute." *Id.*

Pullen responds that "all defendants consented to removal" and "[t]o require an attorney to, in written form, provide consent to himself or herself on behalf of all clients would be nonsensical." (Filing No. 13 at 3, 4.) Pullen continues that "by virtue of filings that [Pullen's] counsel represents all Defendants and by virtue of signing the Notice of Removal in his capacity as counsel for all Defendants, said removal was properly consented to in writing." *Id.* at 4.

Concurrent with this response, Pullen sought leave to amend his Notice of Removal to include that

> [a]ll other Defendants in this matter, who are represented by the same legal counsel as this Defendant (as evidenced by the Appearance filed on all Defendants' behalf both in the state and legal proceedings in this matter) consented to the removal of this matter to federal court within the thirty days of Pullen receiving the lawsuit as required by statute.

(*see* Filing No. 12; Filing No. 12-2 at 3). Pullen argues that the Court should permit amendment outside of the usual thirty-day deadline because he is merely curing "technical defects." (Filing No. 12 at 2.) In support, Pullen cites *Simmons ex rel. Simmond v. COA, Inc.*, where a district court, in Pullen's words, "held that where a defendant was not seeking to amend his Petition to state a new substantive basis for jurisdiction but rather, was seeking to amend the petition to add the consent of a defendant, said proposed amendment was technical because it did not alter the substantive basis for jurisdiction." *Id.* at 3 (citing 2012 WL 1947172, at *1–3 (N.D. Ind. May 30, 2012)). In addition to *Simmons*, Pullen cites myriad cases within the Seventh Circuit purportedly allowing "the filing of an untimely consent to removal when the other defendants consented to removal within the thirty-day period, but the notice of removal simply lacked the otherwise

7

consenting defendant's signature." *Id.* at 3–4 (citing *Coulas Viking Partners v. Belt Ry. Co. of Chicago*, No. 16-CV-3583, 2016 WL 3907053, at *1, *2 (N.D. Ill. July 19, 2016); *Detrick v. Home Depot, U.S.A., Inc.*, No. 13 C 3878, 2013 WL 3836257, at *2 (N.D. Ill. July 23, 2013); *Video & Sound Serv., Inc. v. AMAG Tech., Inc.*, No. 12 C 7322, 2012 WL 6692165, at *3 (N.D. Ill. Dec. 19, 2012); *DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2001)). Pullen's counsel argues "that by virtue of its signing the original Notice of Removal in his capacity as attorney for all Defendants (which was on record with the Court) it already provided the requisite consent and/or cured any defect." *Id*. at 4. He nevertheless "requests the Court's permission to amend Pullen's Notice of Removal to include that all Defendants consent." *Id.*

Morgan replies that "Pullen did not sufficiently establish the consent of all parties necessary for removal." ([Filing No. 14 at 2](#).) Morgan argues that since passage of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, "the law is less clear" on how defendants may be properly joined to a removal action. *Id.* at 2, 3. Morgan maintains that because "there was no mention of the other defendants" in the removal notice, "the procedural requirements for removal were not met, and this case was improperly removed." *Id.* at 3.

As for Pullen's request to amend his Notice of Removal, Morgan argues that "[a] defendant's 'failure to include other defendant's consent may only be cured within the 30-day time period.'" ([Filing No. 15 at 1](#) (quoting *Watkins*, 2020 WL 4462637, at *5).) Because "[r]equests for leave to cure a deficiency beyond the 30-day time period are generally denied unless, 'in some combination, the plaintiff waived the issue and/or the omitted defendants were nominal, fraudulently joined, dismissed prior to removal, and/or served with the complaint after removal'," and "no exception exists to permit filing a motion for leave to cure a deficiency," Morgan argues

that the Court should deny Pullen's request to amend. *Id.* at 2, 3. As for reliance on *Simmons*, Morgan notes that, there, "one defendant had been dismissed from the suit before removal, [] another was not served before the Notice of Removal was filed, . . . [and] a third defendant was considered nominal because the plaintiff voluntarily consented to dismiss it". *Id.* at 3 (citing *Simmons*, 2012 WL 1947172, at *4, *5). Here, however, even though "there is one counsel for all defendants," the motion to cure defects "was not filed until [Morgan] filed his Motion to Remand and thirty-four (34) days after the time period had expired". *Id.* at 3–4. Finally, unlike the veritable array of cases cited by Pullen, his "Notice of Removal was void of the other defendants and lacking of any indication of whether they approved of it and/or joined it." *Id.* at 4.

The Court agrees with Morgan: the case must be remanded to state court because Pullen's Notice of Removal did not indicate that all Defendants consented to removal and his belated attempt to cure that procedural defect exceeds the strict, thirty-day statutory period to do so. "To properly consent to removal or join a notice of removal, the remaining defendants must sign the notice of removal." *Watkins*, 2020 WL 4462637, at *2 (citing *Gossmeyer*, 128 F.3d at 489; *Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012)). And proof of private agreement preceding the deadline does not suffice; "a non-removing party's express written consent must be filed with the Court." *Id.*; *see* [Filing No. 12-1 at 2](#) (affidavit of Attorney Lowe dated May 25, 2021, stating that he, "on behalf of every named Defendant, affirmatively consented to removal of this matter from state court to federal court and said consent was within the thirty (30) days of service of summons and complaint upon said named Defendants as part of that trial strategy"). As noted by Morgan, a "failure to include other defendants' consent may only be cured within the 30-day time period," *Denton*, 2012 WL 3779315, at *3, unless some inapplicable exception applies, *see Riddle v. Ryan*, No. 1:19-cv-1263-RLY-TAB, 2019 WL

9

6481253, at *2 (S.D. Ind. June 7, 2019), *report and recommendation adopted sub nom. Riddle v. Ryan*, No. 1:19-cv-1263-RLY-TAB, 2019 WL 6468505 (S.D. Ind. Dec. 2, 2019). Indeed, "Wright and Miller's Federal Practice and Procedure even uses the failure of all defendants to join the removal within 30 days as a straightforward example of an incurable defect requiring remand." *Id.* (citing 14C C. Wright & A. Miller, Federal Practice & Procedure § 3739.2 (Rev. 4th ed. 2019)). Because it "must strictly construe § 1446(b)," *id.* (citing *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013)), the Court **grants** Morgan's Motion to Remand and **denies** Pullen's Motion for Leave to File Amended Notice of Removal since the Notice of Removal's procedural defect was not cured within the statute's thirty-day time limit. *See also id.* (noting that "it is well settled that the requirement that all defendants join the notice of removal is procedural" and that "the 30-day time limit in § 1446(b) is strictly construed such that any procedural defect must be cured within that period").[4]

C.  **Attorneys' Fees**

Morgan argues that he is entitled to an award of attorneys' fees under § 1447(c) because, "'[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees.'" (Filing No. 11 at 8 (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007)).) Here, because "[t]he time period within which a Notice of Removal can be filed and the requirement of consent of all defendants are clearly established law", Morgan maintains that the Court should award him attorneys' fees. *Id.* at 8–9. Pullen responds that a Court "may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable

---

[4] Because the Court resolves the remand issue on this ground, it need not reach Morgan's subject-matter jurisdiction contentions (*see* Filing No. 11 at 3–8 (seeking remand under 28 U.S.C. §§ 1441(c), 1367(c))).

basis for seeking removal." (Filing No. 13 at 9–10 (quoting *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quotation omitted)).) Pullen notes that "[t]he Seventh Circuit has found the award of attorneys' fees appropriate when removal 'was worse than unreasonable; it was preposterous.'" *Id.* at 10 (quoting *MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012)). Because "[t]his is not such a case", Pullen concludes that the Court should deny Morgan's request. *Id.*

The Court agrees with Pullen and will not award Morgan attorneys' fees under 28 U.S.C. § 1447(c) because Pullen's procedural defect does not show that there was no reasonable basis for removal. Similar to this case, one district court, for example, denied a request for attorneys' fees and costs under § 1447(c) when a defendant represented "that the other defendants consented to removal, [but] the court concluded that such representations do not satisfy the requirements of section 1446." *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509, 511 (E.D. Va. 1992); *see also Balogh, Osann, Kramer, Dvorak, Genova & Traub v. Chevy's Int'l, Inc.*, No. 89 CIV. 8193 KMW, 1990 WL 74531, at *3 (S.D.N.Y. May 31, 1990) (denying the same when defendant "had reason to believe that the failure of [another defendant] to join in the petition, and the untimeliness of the filing of the petition, would not be fatal"). On the other hand, a district court in this Circuit awarded attorneys' fees and costs when a defendant "removed this action independently, without obtaining the unanimous support of the other defendants within the thirty-day time period," and, "[i]n fact, [the other] defendants . . . have filed a memorandum with this court in support of plaintiffs' motion to remand." *Traynor v. O'Neil*, 94 F. Supp. 2d 1016, 1023 (W.D. Wis. 2000). This case is unmistakably closer to the former than the latter. Because "clearly established law did not foreclose [Pullen's] basis for removal," the Court will "not award attorneys' fees." *Lott*, 492 F.3d at 793.

## IV. CONCLUSION

For the preceding reasons, the Court **GRANTS** Morgan's Motion to Remand ([Filing No. 11](Filing No. 11)), and **DENIES** Pullen's Motion for Leave to File Amended Notice of Removal ([Filing No. 12](Filing No. 12)). Because Pullen has failed to file a proper Notice of Removal, the Court must remand this action back to the state court. **The Clerk is directed to remand** this matter to the Floyd Circuit Court, Cause No. 22C01-2102-CT-274, and to **close** this federal action.

**SO ORDERED.**

Date: 7/6/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dustin Tyrone White
WHITE LAW FIRM
wlawpractice@aol.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Whitney Elizabeth Wood
KIGHTLINGER & GRAY, LLP (New Albany)
wwood@k-glaw.com